UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:04-CR-00012-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RONALD MICHAEL DWAYNE MONK | ) | |
| | ) | |

    This matter is before the court on defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (DE # 43.) This statute permits "[a] district court . . . to reduce a previously imposed term of imprisonment 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]'" United States v. Brown, 653 F.3d 337, 339 (4th Cir. 2011) (quoting 18 U.S.C. § 3582(c)(2)).

    In 2004, defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base ("crack") in violation of 21 U.S.C. § 846. At sentencing, the court adopted the factual findings and guideline calculations of the presentence report ("PSR"). Defendant was found accountable for 494.03 grams of crack. (PSR ¶ 14.) Pursuant to U.S.S.G. § 2D1.1(c)(3) (2003), that quantity of crack resulted in a base offense level of 34. (Id. ¶ 74.) With an adjustment for defendant's role in the offense, the adjusted offense level was 37. (Id. ¶¶ 77, 79.) Defendant was also determined to be a career offender. (Id. ¶¶ 37, 80.) However, because the offense level under the career offender guideline was also 37, the career offender designation had no effect on the offense level computation. (See id. ¶ 80.) See also U.S.S.G. § 4B1.1(b) (2003) ("[I]f the offense level for a

career offender from the table in this subsection *is greater than* the offense level otherwise applicable, the offense level from the table in this subsection shall apply." (emphasis added)). Adjusting for defendant's acceptance of responsibility, the total offense level was 34. (PSR ¶¶ 81-82.) With a criminal history category of VI (with that category being the same whether one totals the criminal history points or uses the category under the career offender guideline, (id. ¶ 37)), the resulting guideline range of imprisonment was 262 to 327 months, (id. ¶ 85). After allowing the government's motion pursuant to U.S.S.G. § 5K1.1, the court sentenced defendant to 160 months imprisonment.

With the instant motion, defendant seeks a sentence reduction based on Amendments 750 and 759 to the sentencing guidelines and the Fair Sentencing Act of 2010 ("FSA"). The FSA increased the amount of crack to trigger the statutory mandatory minimum terms of imprisonment. See Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). In turn, Amendment 750 to the sentencing guidelines further lowered offense levels for crack offenses, with Amendment 759 making Amendment 750 retroactive. See U.S.S.G. App. C (2011). Defendant argues that with these statutory and guideline amendments, the FSA's mandatory minimum term of imprisonment of five years is now applicable, and by virtue of the retroactive guideline amendment, the guideline imprisonment range has been reduced to 210 to 262 months. (Mem., DE # 44, at 1-2.) With a comparable reduction under U.S.S.G. § 5K1.1, defendant urges the court to reduce his sentence of imprisonment to 128 months. (Id. at 2-3.) The government opposes the motion.[1] The court concludes that defendant is ineligible for relief.

---

[1] In accordance with this district's practice, the Probation Office reviewed the motion and submitted to the court a memorandum and proposed order recommending that the court deny the motion. The government responded to the Probation Office indicating that it agrees with the Probation Office's conclusion. The government did not file a written response to the instant motion.

2

Had Amendment 750 been in effect at the time defendant was sentenced, the base offense level would have been calculated as 32. U.S.S.G. § 2D1.1(c)(4) (2012). With a criminal history category of VI, the corresponding guideline range of imprisonment is 210 to 262 months. Id. Ch. 5, Pt. A. However, because the career offender offense level of 37 would have been higher than the otherwise applicable offense level of 32, the career offender offense level of 37 would apply. See U.S.S.G. § 4B1.1(b) (2003). With the adjustment for acceptance of responsibility, the total offense level would have been 34, and the resulting guideline range of imprisonment would have been 262 to 327 months, the same range as originally calculated. Accordingly, Amendment 750 does not have the effect of lowering defendant's applicable guideline range, and a sentence reduction is not authorized. See United States v. Byers, 342 F. App'x 897, 899 (4th Cir. 2009) (affirming district court's denial of the defendant's § 3582(c)(2) motion based on Amendment 706 because even with the application of the Amendment, the defendant's guideline range of imprisonment would have been the same due to the applicability of the career offender base offense level).

Defendant's motion for a sentence reduction is DENIED.

This 29 May 2013.

_____
W. Earl Britt
Senior U.S. District Judge

3